UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CLARK,

    Petitioner,                      Civil No. 2:12-CV-13237
                                           HONORABLE VICTORIA A. ROBERTS
v.                                    UNITED STATES DISTRICT JUDGE

BONITA HOFFNER,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION
## TO REOPEN THE TIME FOR FILING AN APPEAL

On February 28, 2014, this Court denied Petitioner's habeas application brought pursuant to 28 U.S.C. § 2254, declined to issue a certificate of appealability, and granted leave to appeal *in forma pauperis*. *Clark v. Hoffner*, No. 2:12-CV-13237, 2014 WL 806393 (E.D. Mich. Feb. 28, 2014).

On March 31, 2015, Petitioner filed a motion to reopen the time for filing an appeal.[1] Petitioner claims that that he never received a copy of the Court's opinion and order denying the petition for writ of habeas corpus from his attorney nor was he otherwise informed that the petition had been denied. Petitioner claims he would have appealed the order had he received notice of the order.

For the reasons that follow, Petitioner's motion to reopen the time for filing an

---

[1] Under the "prison mailbox rule," this Court is willing to consider the motion to reopen the time for taking an appeal to have been filed with this Court on March 31, 2015, the date that it was signed and dated. *See U.S. ex rel. Morgan v. Page,* 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999).

appeal is DENIED.

Petitioner asks this Court to reopen the time for him to file an appeal because he did not receive timely notice of the Court's decision from February 28, 2014 denying habeas relief.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken.  This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).  Because more than thirty days have elapsed from when this Court denied Petitioner's habeas application, the Sixth Circuit would not have appellate jurisdiction in this matter, unless Petitioner was granted an extension of time.

A party asserting that he or she failed to receive prompt notice of an order that he or she wishes to appeal may seek relief for filing an appeal under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). *Zak v. United States*, 133 F. 3d 451, 453 (6th Cir. 1998).

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

This Court issued its judgment on February 28, 2014.  Petitioner had until March

appeal is DENIED.

Petitioner asks this Court to reopen the time for him to file an appeal because he did not receive timely notice of the Court's decision from February 28, 2014 denying habeas relief.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken.  This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).  Because more than thirty days have elapsed from when this Court denied Petitioner's habeas application, the Sixth Circuit would not have appellate jurisdiction in this matter, unless Petitioner was granted an extension of time.

A party asserting that he or she failed to receive prompt notice of an order that he or she wishes to appeal may seek relief for filing an appeal under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). *Zak v. United States*, 133 F. 3d 451, 453 (6th Cir. 1998).

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

This Court issued its judgment on February 28, 2014.  Petitioner had until March

30, 2014 to file a notice of appeal. Petitioner therefore had until April 29, 2014 to file for an extension of time to file an appeal pursuant to Rule 4(a) (5). Petitioner's motion to reopen the case is dated March 31, 2015. Because Petitioner's motion was filed more than 30 days after the expiration of the appeal, Petitioner is unable to obtain an extension of the time to file an appeal pursuant to Rule 4(a)(5). *Bailey v. St. Ambrose Academy*, 38 F. 3d 1215(Table); No. 1994 WL 589680, at *1 (6th Cir. Oct. 21, 1994).

Fed. R. App. P. 4(a)(6), however, indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell,* 432 F. 3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub,* 27 Fed. Appx. 337, 338 (6th Cir. 2001).

Petitioner is not entitled to invoke the provisions of Fed.R.App. P. 4(a)(6) to

extend the time to file a notice of appeal. Petitioner filed his request to extend the time to file an appeal more than 180 days after this Court entered the order denying habeas relief. Although 4(a)(6) provides that the time for filing an appeal can be reopened when a litigant does not receive notice of a judgment, "it establishes 180 days after the judgment or order is entered as the outer limit by which a motion to reopen must be filed." *Maples v. Thomas,* 132 S.Ct. 912, 933(2012)(Scalia, J., dissenting)(citing Fed. Rule App. Proc. 4(a)(6)(B)); See also the Advisory Committee Notes to Rule 4(a)(6); *Bowles,* 432 F. 3d at 673 (the 180-day limitation in Fed.App. R. P. (4)(a)(6) is "specific and unequivocal."). Thus, even if Petitioner filed his motion to reopen the case within seven days of receiving notice of the judgment, his motion is untimely because Petitioner did not file his motion within 180 days of the judgment, the earlier of the limits provided by Fed.R.App. P. 4(a)(6). *Leonard v. Holmes*, 335 Fed.Appx. 896, 898 (11th Cir. 2009); *See also Hudson v. Dipaolo,* 179 Fed.Appx. 705, 705-06 (1st Cir. 2006); *Moss v. Secretary for Dept. of Corrections,* 177 Fed. Appx. 911, 913 (11th Cir. 2006). Because Petitioner filed his motions more than 180 days after the denial of his habeas corpus petition, this Court lacks the authority to extend the time for filing an appeal. *See Hall v. Scutt*, 482 Fed. Appx. 990, 991 (6th Cir. 2012). Moreover, even if this Court had the authority to reopen the time for Petitioner to appeal, it would decline to do so because Petitioner "failed to fulfill his duty to diligently monitor" this Court's docket. *Hudson,* 179 Fed. Appx. at 706. Finally, the 180 day time limit contained within 4(a)(6) may not be waived for equitable reasons. *Bowles,* 432 F. 3d at 673.

4

## ORDER

Based upon the foregoing, Petitioner's motion to reopen the time for filing an appeal [Dkt. # 11] is DENIED.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: April 13, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record and Kenneth Clark by electronic means or U.S. Mail on April 13, 2015.
>
> S/Carol A. Pinegar  
> Deputy Clerk