UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CLARK,

    Petitioner,                      Civil No. 2:12-CV-13237
                                            HONORABLE VICTORIA A. ROBERTS
v.                                       UNITED STATES DISTRICT JUDGE

BONITA HOFFNER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

This Court denied Petitioner's habeas application brought pursuant to 28 U.S.C. § 2254, declined to issue a certificate of appealability, and granted leave to appeal *in forma pauperis*. *Clark v. Hoffner*, No. 2:12-CV-13237, 2014 WL 806393 (E.D. Mich. Feb. 28, 2014).

Petitioner filed a motion to reopen the time for filing an appeal. The Court denied the motion to reopen the appeal because it was filed more than 180 days after this Court entered the order denying habeas relief, the outer limit in which a motion to reopen the appeal can be filed under Fed. R. Civ. P. 4(a)(6). *Clark v. Hoffner*, No. 2:12-CV-13237, 2015 WL 1637303 (E.D. Mich. Apr. 13, 2015).

Petitioner filed a notice of appeal on April 30, 3015. Petitioner also filed a motion for a certificate of appealability and an application to proceed without prepaying fees or

1

costs on appeal. For the reasons that follow, the motion for a certificate of appealability is DENIED. The Court grants Petitioner leave to appeal *in forma pauperis* on appeal.

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.

A certificate of appealability is required to appeal the denial of motion to reopen the time to appeal in a habeas corpus proceeding. *See U.S. v. Rinaldi,* 447 F. 3d 192, 195 (3rd Cir. 2006); *Eltayib v. U.S.*, 294 F. 3d 397, 399 (2nd Cir. 2002); *Cf. Greenawalt v. Stewart*, 105 F. 3d 1268, 1272 (9th Cir. 1997)(holding that a certificate of probable cause, the pre-AEDPA version of a certificate of appealability, was required to obtain appellate review of an order denying a Rule 4(a)(6) motion in a habeas proceeding), *abrogated on other grounds recognized by Jackson v. Roe*, 425 F. 3d 654, 658-61 (9th Cir. 2005).

To obtain a certificate of appealability in a case involving the denial of a motion to reopen the time to appeal in a habeas case, the petitioner must show: (1) that jurists of reason would find it debatable whether the district court abused its discretion in denying the motion to reopen the time to file an appeal; and (2) in a case where a habeas petition was denied on the merits, that jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong, or, in a case where the habeas petition was denied on procedural grounds without reaching the underlying constitutional claims, that jurists of reason would find it debatable whether the habeas petition stated a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Eltayib*, 294 F. 3d at 400.

The Court denies Petitioner a certificate of appealability because jurists of reason

would not find the denial of Petitioner's motion to reopen the time to appeal to be debatable. The Court also denies Petitioner a certificate of appealability because jurists of reason would not find this Court's assessment of the constitutional claims underlying the petition for writ of habeas corpus to be debatable. *Rinaldi,* 447 F. 3d at 195-96.

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's motion to reopen the time to file an appeal, the issues raised by Petitioner are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## ORDER

**The Court DENIES** the Motion for a Certificate of Appealability [Dkt. # 16].

Petitioner is **GRANTED** leave to appeal *in forma pauperis.* [Dkt. # 15].

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 6, 2015

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Kenneth Clark by electronic means or U.S. Mail on May 6, 2015.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |